Thomas M. Willford (SBN: 153885)
WILLFORD LAW CORPORATION
4 Hutton Centre Drive, Suite 660
Santa Ana, CA 92707
Phone: (714) 975-5777 / Facsimile: (714) 975-5775
E-mail: Info@WillfordLawCorp.com

Attorney for Plaintiffs, Stephen Santiago, a minor, by and through his Guardian Ad Litem, Tiffany Potts; and Madeleine Lopez, a minor, by and through her Guardian Ad Litem, Nancy Lopez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen Santiago, a minor, by and through his Guardian Ad Litem, Tiffany Potts; and Madeleine Lopez, a minor, by and through her Guardian Ad Litem, Nancy Lopez;<br><br>Plaintiffs,<br><br>vs.<br><br>City of Los Angeles, a Governmental Entity; County of Los Angeles, a Governmental Entity; Los Angeles County Sheriff's Department; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **General Negligence** – Wrongful Death;<br>2. **Public Entity Negligence** – Wrongful Death;<br>3. **Negligence** – Survival Action;<br>4. **Deprivation of Federal Civil Rights** - Cruel and Unusual Punishment in Violation of 8th Amendment;<br>5. **Deprivation of Federal Civil Rights** - Deprivation of Substantive Due Process in Violation of 14th Amendment.<br>6. **Abuse of Discretion Relating to Custodial Classification**;<br>7. **Battery** – Wrongful Death.<br><br>**Demand:**<br>Amount to Exceed $2,000,000.00<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES - 1 -

# TABLE OF CONTENTS

Page No.

I. Jurisdiction and Venue...................................................................3

II. Parties............................................................................................3

III. Summary of Facts and General Allegations.................................4

IV. First Cause of Action (General Negligence
 - Wrongful Death).........................................................................6

V. Second Cause of Action (Public Entity
 Negligence – Wrongful Death)......................................................7

VI. Third Cause of Action (Negligence – Survival
 Action)...........................................................................................8

VII. Fourth Cause of Action (Deprivation of Federal
 Civil Rights – Cruel and Unusual Punishment in
 Violation of 8th Amendment)........................................................8

VIII. Fifth Cause of Action (Deprivation of Federal
 Civil Rights – Deprivation of Substantive Due
 Process of 14th Amendment).........................................................9

IX. Sixth Cause of Action (Abuse of Discretion
 Relating to Custodial Classification)...........................................10

X. Seventh Cause of Action (Battery – Wrongful Death)...............11

XI. Prayer for Relief..........................................................................12

COMPLAINT FOR DAMAGES - 2 -

Case 2:21-cv-07061-MRW Document 1 Filed 09/01/21 Page 3 of 13 Page ID #:3

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. The court has jurisdiction pursuant to 28 U.S.C. §1331 (FEDERAL QUESTION) and 28 U.S.C. §1343(3) (CIVIL RIGHTS). Venue lies in the Central District of California pursuant to 28 U.S.C. §1392(b), as the claim arose in this district.

## PARTIES

2. At all times relevant herein, Decedent, **Dan Santiago** (hereinafter "DAN SANTIAGO") was an individual residing in Montebello, California.

3. At all times relevant herein, Plaintiff, **Stephen Santiago, by and through his Guardian Ad Litem, Tiffany Potts**, (hereinafter "SANTIAGO") is and at all times relevant herein was a minor residing in California and the biological son of DAN SANTIAGO.

4. At all times relevant herein, Plaintiff, **Madeleine Lopez, by and through her Guardian Ad Litem, Nancy Lopez**, (hereinafter "LOPEZ") is and at all times relevant herein was a minor residing in California and the biological daughter of DAN SANTIAGO.

5. At all times relevant herein, Defendant, **City of Los Angeles, a Governmental Entity**, (hereinafter "CITY OF LA") existed under the laws of the State of California. CITY OF LA is a chartered subdivision of the State of California with the capacity to be sued. CITY OF LA is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including Los Angeles Sheriff's Department and its agents and employees. At all relevant times, CITY OF LA was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of the Los Angeles Sheriff's Department complied with the laws of the State of California.

6. At all times relevant herein, Defendant, **County of Los Angeles** (hereinafter "COUNTY OF LA") existed under the laws of the State of California. COUNTY OF LA is a chartered subdivision of the State of California with the capacity to be sued. COUNTY OF LA is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including Los Angeles Sheriff's Department and its agents and employees. At all relevant times, COUNTY OF LA was responsible for ensuring that the actions, omissions,

COMPLAINT FOR DAMAGES - 3 -

policies, procedures, practices, and customs of the Los Angeles Sheriff's Department complied with the laws of the State of California.

7. At all times relevant herein, Defendant, **Los Angeles Sheriff's Department** (hereinafter "LASD") was a local government entity created under the laws of the State of California and a department of COUNTY OF LA. LASD provides general law enforcement services to certain contract cities, including Los Angeles. Men's Central Jail at 441 Bauchet Street, Los Angeles, CA 90012 (hereinafter "MCJ") is a LASD-run county jail.

8. At all times relevant herein, DOES 1 and 2 (hereinafter "DOES 1 and 2"), whose true names are currently unknown, were the two inmates with which DAN SANTIAGO shared a jail cell at MCJ at the time of the subject incident.

9. At all times relevant herein, DOE 3 was Deputy **Cabrera** (hereinafter "CABRERA"), whose first name is currently unknown. CABRERA was an agent and/or officer of MCJ who was on duty at the time of DAN SANTIAGO's death.

## SUMMARY OF FACTS AND GENERAL ALLEGATIONS

10. Plaintiffs SANTIAGO and LOPEZ bring this action under the Federal Tort Claims Act and the California Government Tort Claims Act as a result of the death of DAN SANTIAGO that occurred in the MCJ.

11. MCJ is part of the Los Angeles County jail system, which is chronically overpopulated and has a long history rife with corruption and abuse.

12. Built in 1963, MCJ is one of the oldest jails in California. It processes both inmates that await trial and convicted inmates, and has had a history of severe overcrowding and inhumane living conditions for over a decade. MCJ has been sued by both the American Civil Liberties Union and United States Department of Justice multiple times for major civil rights violations. MCJ has a Board of State & Community Corrections Rated Capacity of 3,512. However, its average quarterly inmate population was 4,540 and 3,811 in 2019 and 2020, respectively. Due to overcrowding issues, inmates have experienced various problems such as a lack of shower facilities, short recreation times, wearing dirty clothes for up to a week or more, and having to sleep on the floor due to lack of beds.

13. DAN SANTIAGO was arrested on December 23, 2019 and charged with making criminal threats under California Penal Code Section 422(a).

14. For the charges on the arrest, DAN SANTIAGO was arraigned in Department 30 of Clara Shortridge Foltz Criminal Justice Center in Los Angeles, California. The case number is BA483500.

15. DAN SANTIAGO was incarcerated at MCJ on December 23, 2019.

16. DAN SANTIAGO suffered from a myriad of mental illnesses since before his incarceration, including depression, delirium, paranoia, and alcoholism, of which LASD was aware due to DAN SANTIAGO's requests for treatment while incarcerated at MCJ, and due to his sister, Karla Santiago (hereinafter "KARLA"), having made requests to have him transferred to a mental institution.

17. At all times relevant herein, DAN SANTIAGO had no tattoos and was never known to be affiliated with any gang.

18. DAN SANTIAGO was placed in cell B-4 of block 4300 with DOES 1 and 2, who were known to possess violent propensities. It was improper to have placed DAN SANTIAGO with these two inmates.

19. Due to DAN SANTIAGO's mental condition, he should have been placed in a location safe from harm.

20. Once placed in the cell with DOES 1 and 2, DAN SANTIAGO became fearful for his life. He expressed this concern to KARLA and officers at the MCJ. Although he and KARLA requested to be transferred to a different cell, their requests were ignored.

21. Pursuant to MCJ classification rules, DAN SANTIAGO had no known history of fighting or assaulting other inmates while housed at MCJ. Therefore, his cell placement was also improper.

22. On August 19, 2020, at or about 11:50 a.m., DAN SANTIAGO was killed in cell B-4 by DOES 1 and 2.

COMPLAINT FOR DAMAGES - 5 -

23. At about the time of DAN SANTIAGO's death, CABRERA witnessed DAN SANTIAGO lying limp on the floor of the cell, sheets and towels in the cell stained with blood, and either DOE 1 or DOE 2, holding DAN SANTIAGO in a "choke-type" hold.

24. An autopsy of DAN SANTIAGO's body was performed on August 22, 2020 at the Department of the Medical Examiner-Coroner in Los Angeles, California, which found the cause of death to be multiple traumatic injuries.

25. Because DAN SANTIAGO was an inmate who was under the custody of MCJ, LASD owed DAN SANTIAGO a duty of reasonable care in safeguarding DAN SANTIAGO's health and safety.

26. DAN SANTIAGO, a vulnerable inmate, died as a result of Defendants' deliberate indifference to and/or negligence and gross negligence of his safety.

27. Plaintiffs filed claims with CITY OF LA, COUNTY OF LA, and LASD on January 29, 2021; all such claims were rejected.

28. Plaintiff is unaware of the true names and capacities of DOES 1 through 100 and therefore sues said defendants by such fictitious names; leave of Court will be asked to amend this Complaint to show their true names and capacities when known.

29. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was the agent and the employee of each of the remaining defendants and doing the things hereinafter alleged, was acting within the scope of said agency.

### FIRST CAUSE OF ACTION
### GENERAL NEGLIGENCE – WRONGFUL DEATH
(All Plaintiffs against Defendants CITY OF LA, COUNTY OF LA AND LASD)

30. Plaintiffs repeat and reallege paragraphs 1 through 29, inclusive, as if set forth herein in full.

31. At all times relevant herein, LASD officials, officers, and/or agents knew DAN SANTIAGO was mentally ill and were aware of the violent propensities of DOES 1 and 2.

///

32. DAN SANTIAGO's death was caused by the breach of duty owed him by CITY OF LAW, COUNTY OF LA and LASD officials, officers, and/or agents because CITY OF LA, COUNTY OF LA and LASD knew of DAN SANTIAGO's vulnerability from his mental illnesses as well as the violent propensities of the other inmates sharing cell B-4 of block 4300 of MCJ, but through their deliberate indifference, failed to transfer DAN SANTIAGO to a different cell for several months.

33. DAN SANTIAGO's tragic death was both foreseeable and preventable, had CITY OF LA, COUNTY OF LA and LASD and their officials, officers, and/or agents followed the laws, regulations, and/or procedures they swore to uphold.

34. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiffs suffered and will continue to suffer the ongoing loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support, all in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## PUBLIC ENTITY NEGLIGENCE – WRONGFUL DEATH
**(All Plaintiffs against Defendants CITY OF LA, COUNTY OF LA AND LASD)**

35. Plaintiffs repeat and reallege paragraphs 1 through 34, inclusive, as if set forth herein in full.

36. Plaintiffs allege, that at all times relevant herein, Defendants, and each of them, owed DAN SANTIAGO a duty to take reasonable measures to ensure his health and safety because DAN SANTIAGO was an inmate under the custody and control of Defendants and each of them.

37. The aforementioned duty owed to DAN SANTIAGO by Defendants was breached when Defendants failed to properly safeguard DAN SANTIAGO's health and safety by housing DAN SANTIAGO with two known dangerous inmates, DOES 1 and 2, who should not have shared a cell with him.

///

///

COMPLAINT FOR DAMAGES - 7 -

38. As a direct and legal result of the breach of duty owed by Defendants to DAN SANTIAGO, DAN SANTIAGO suffered a foreseeable and preventable death.

39. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiffs suffered and will continue to suffer the ongoing loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support, all in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## NEGLIGENCE – SURVIVAL ACTION
### (All Plaintiffs against Defendants CITY OF LA, COUNTY OF LA AND LASD)

40. Plaintiffs repeat and reallege paragraphs 1 through 39, inclusive, as if set forth herein in full.

41. As a direct and proximate result of the Defendants' actions and inactions, DAN SANTIAGO's death was wrongful within the meaning of California's Wrongful Death Statute.

42. Plaintiffs bring this action for the benefit of SANTIAGO and LOPEZ as Successors-in-Interest to the Estate of DAN SANTIAGO.

43. DAN SANTIAGO died leaving heirs at law and next of kin surviving him, who had pecuniary or other interests in his life. This action is brought on their behalf.

44. At the time of his death, DAN SANTIAGO was not provided or afforded the opportunity to live a full and productive life, nor the chance to bond with and love his heirs at law and next of kin now and in the future. By reason of the wrongful death of DAN SANTIAGO, his heirs at law and surviving next of kin have suffered severe mental anguish and emotional distress, a loss of his society and companionship, consortium, and pecuniary losses.

45. At all times pertinent, Plaintiffs, as Successors-in-Interest to the Estate of DAN SANTIAGO, state that by reason of DAN SANTIAGO's wrongful death, DAN SANTIAGO's statutory beneficiaries have been damaged, suffered a loss of past and future earnings, medical expenses and funeral expenses.

///

# FOURTH CAUSE OF ACTION
## DEPRIVATION OF FEDERAL CIVIL RIGHTS – CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF 8TH AMENDMENT
### (All Plaintiffs against Defendants CITY OF LA, COUNTY OF LA AND LASD)

46. Plaintiffs repeat and reallege paragraphs 1 through 45, inclusive, as if set forth herein in full.

47. At the time of his incarceration at MCJ, DAN SANTIAGO had a Constitutional right to be free of cruel and unusual punishment, which includes rights to be free from wanton and unnecessary infliction of pain, grossly disproportionate punishment, and inhumane prison living conditions.

48. According to *Rhodes v. Chapman* (1981) 452 U.S. 337, 348, n. 13 [101 S.Ct. 2392; 69 L.Ed.2d 59], the right to be free from cruel and unusual punishment is absolute and is never balanced against security and other administrative concerns.

49. Defendants, and each of them, are liable for failure to train, manage, and/or instruct their employees and agents, resulting in violation of 42 U.S.C. §1983.

50. Despite DAN SANTIAGO's history of non-violence while incarcerated, mental illness, and multiple cell transfer requests by DAN SANTIAGO and KARLA, MCJ deliberately housed DAN SANTIAGO in a cell with two violent inmates, DOES 1 and 2. This deliberate indifference by Defendants resulted in DAN SANTIAGO's death.

51. Despite DAN SANTIAGO awaiting trial on charges for weapons possession, he was placed in a cell with two inmates with a violent criminal past, at least one of whom had been convicted of murder.

52. MCJ, through its agents and staff, knew, or should have known, that DAN SANTIAGO suffered from mental illness.

///
///
///
///

53. Housing a mentally ill and vulnerable individual, with no gang affiliation and without a prior history of violent crime with two known violent inmates, despite multiple requests for transfer, is barbaric, arbitrary, and offensive to society's sense of justice and, therefore, is cruel and inhumane.

54. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiffs suffered the damages set forth herein.

## FIFTH CAUSE OF ACTION
### DEPRIVATION OF FEDERAL CIVIL RIGHTS – SUBSTANTIVE DUE PROCESS IN VIOLATION OF 14TH AMENDMENT
(All Plaintiffs against Defendants CITY OF LA, COUNTY OF LA AND LASD)

55. Plaintiffs repeat and reallege paragraphs 1 through 54, inclusive, as if set forth herein in full.

56. Plaintiffs allege that at all times herein mentioned, DAN SANTIAGO possessed a constitutional right not to be deprived of life or liberty without due process under the Due Process Clause of the Fourteenth Amendment.

57. Defendants, and each of them, in their administration and control of MCJ lowered the safety and security conferred on its inmates, including DAN SANTIAGO, under federal, state, and/or local laws without due process and/or proper governmental purpose, thereby creating the danger to which DAN SANTIAGO fell victim, and doing so with deliberate indifference to the known or obvious danger posed by the condition in DAN SANTIAGO's cell, including the danger posed by the other inmates within.

58. Defendants, by lowering the safety and security conferred on its inmates, including DAN SANTIAGO, deprived DAN SANTIAGO of life and liberty without due process of law, as required under the U.S. Constitution.

59. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiffs suffered the damages set forth herein.

///

///

# SIXTH CAUSE OF ACTION
## ABUSE OF DISCRETION RELATING TO CUSTODIAL CLASSIFICATION
### (All Plaintiffs against Defendants CITY OF LA, COUNTY OF LA AND LASD)

60. Plaintiffs repeat and reallege paragraphs 1 through 59, inclusive, as if set forth herein in full.

61. Plaintiffs allege, that at all times relevant herein, Defendants, and each of them, were required to ensure MCJ's compliance with the Inmate Placement requirements set forth by 15 California Code of Regulations §3375.1, which states: *"(a) Except as provided in section 3375.2, each inmate shall be assigned to a facility with a security level which corresponds to the following placement score ranges: (1) An inmate with a placement score of 0 through 18 shall be placed in a Level I facility. (2) An inmate with a placement score of 19 through 35 shall be placed in a Level II facility. (3) An inmate with a placement score of 36 through 59 shall be placed in a Level III facility. (4) An inmate with a placement score of 60 and above shall be placed in a Level IV facility."*

62. The purpose of the custodial classification system is to safeguard jail staff, other inmates, visitors, and the public from inmate misconduct, which includes wrongful acts such as assault and homicide.

63. The aforesaid code was intended to protect against the type of harm suffered by DAN SANTIAGO and he was one of the class of persons for whose protection the code was adopted.

64. Defendants, and each of them, failed to comply with the aforesaid code by failing to ensure DAN SANTIAGO's assignment to the proper facility as required and/or by failing to assign DAN SANTIAGO a correct placement score that would have led to DAN SANTIAGO being assigned to the proper facility.

65. Defendants, and each of them, in failing to comply with the aforesaid code while knowing of DAN SANTIAGO's history and vulnerability, thereby abused their discretion when classifying DAN SANTIAGO.

///

66. As a direct and proximate result of the wrongful acts and/or omissions of Defendants, and each of them, DAN SANTIAGO was improperly housed with dangerous inmates who should not have shared a cell with DAN SANTIAGO, resulting in DAN SANTIAGO's preventable and violent death.

67. As a direct and proximate result of the wrongful acts and/or omissions of Defendants, and each of them, Plaintiffs suffered and will continue to suffer the ongoing loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support, all in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### BATTERY – WRONGFUL DEATH
### (All plaintiffs against DOES 1 AND 2)

68. Plaintiffs repeat and reallege paragraphs 1 through 67, inclusive, as if set forth herein in full.

69. DOES 1 and 2, the inmates who shared a cell with DAN SANTIAGO at the time of his death, each intentionally attacked DAN SANTIAGO multiple times, causing his death.

70. As a direct and proximate result of the conduct of DOES 1 and 2, Plaintiffs have suffered damages.

71. The conduct of DOES 1 and 2 was malicious, wanton, oppressive, and was done with a conscious disregard for the rights of DAN SANTIAGO, entitling Plaintiffs, individually and as successors-in-interest to DAN SANTIAGO, to an award of exemplary and punitive damages as to DOES 1 and 2.

///
///
///
///
///

WHEREFORE, Plaintiffs pray for relief as follows:

## ON ALL CAUSES OF ACTION

1. For compensatory damages in whatever amount may be proven at trial, including wrongful death damages under federal and state law;
2. For funeral and burial expenses, and loss of financial support;
3. For any applicable statutory damages;
4. For punitive damages against individual defendants;
5. For interest as allowed by law;
6. For reasonable attorney's fees, including litigation expenses;
7. For cost of suit; and
8. For such further and other relief as the court may deem just and proper.

Dated:  August 31, 2021         WILLFORD LAW CORPORATION

_____
Thomas M. Willford, Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all issues so triable.

Dated:  August 31, 2021         WILLFORD LAW CORPORATION

_____
Thomas M. Willford, Attorney for Plaintiff